Chateau Convalescent Center, Petitioner *v.* Secretary of the Department of Public Welfare, Commonwealth of Pennsylvania, Respondent.

Argued October 18, 1984, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Arlen M. Tompkins, Griffith & Burr, P.C.,* for petitioner.

*Jeffrey Gonick,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, July 16, 1985:

Chateau Convalescent Center (Chateau) appeals from an order of the Department of Public Welfare, Office of Hearings and Appeals (DPW) which affirmed the decision of a hearing examiner reducing the amount of allowable costs for which Chateau would be given reimbursement under the State Medical Assistance Program (Program). Specifically contested is DPW's reduction of Chateau's reimbursable interest on capital indebtedness expense by $35,484.00 following DPW's audit of Chateau's cost report for its fiscal year ending March 31, 1980.

Chateau is a general nursing facility offering skilled nursing services under Pennsylvania's Medical Assistance Program (Program). As a provider under the Program, Chateau is eligible for reimbursement for certain costs incurred in its furnishing of

nursing care to eligible recipients. Each provider is required to submit a cost report to DPW within ninety days following the close of each fiscal year. This cost report is the basis upon which DPW determines the proper amount of allowable costs, which costs are then used to determine the reimbursement payable to providers enrolled in the Program.

On its cost report, Chateau initially reported the sum of $62,646.00 as total "other interest" expense for the fiscal year in question. Included in this amount was $35,484.00 in interest paid by Chateau to Bryn Mawr Joint Venture (Joint Venture), a company related to Chateau by common ownership, on money loaned for current operating expenses. Chateau then deducted the $35,484.00 in interest it had paid on this loan from its total "other interest" expense as a nonallowable cost. Upon audit DPW allowed the $35,484.00 to be included as an allowable "other interest" cost but offset this amount against Chateau's allowable cost for "interest on capital indebtedness". It is from DPW's order affirming these adjustments that Chateau appeals to this Court.[1]

DPW's regulations governing the reimbursement of costs are set forth in the Medical Assistance Program Manual for Allowable Cost Reimbursement for Skilled Nursing and Intermediate Care Facilities (Manual), 55 Pa. Code §§1181.201-1181.274. "Interest on capital indebtedness" is defined in the Manual as funds borrowed for capital purposes, i.e., acquisition of facilities, equipment and capital improvements. 55 Pa. Code §1181.202. The Manual also defines "inter-

---

[1] Our scope of review from orders of DPW is limited to a determination of whether an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence. *Klingerman Nursing Center, Inc. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983).

est on current indebtedness'' as the direct cost incurred for funds borrowed for current operating expenses or working capital. 55 Pa. Code §1181.202. Both interest expenses are allowable costs under the Manual; However, interest on current indebtedness is included in a facility's net operating costs which, although reimbursable, are subject to ceiling limitations set by DPW. 55 Pa. Code §1181.211. ''Interest on capital indebtedness'', on the other hand, is a separate cost item which is excluded from ceiling limitations. 55 Pa. Code §1181.216. Thus, DPW's adjustments to Chateau's cost report increased those costs subject to a ceiling while reducing those costs which are not subject to a ceiling. The effect, according to Chateau, was to reduce its total allowable costs by approximately $7,000.00.

Chateau first argues that it properly deducted from ''other interest'' as a nonallowable cost the $35,-484.00 in interest it had paid to Joint Venture inasmuch as this amount constituted interest paid to a related party which is prohibited under the Medicare Provider Reimbursement Manual (MPRM). We agree. The Manual provides that DPW will determine providers' allowable costs in accordance with the MPRM. 55 Pa. Code §1181.231. And as Chateau correctly noted, the MPRM provides that to be an allowable cost, interest expense must be incurred on indebtedness established with lenders or lending organizations not related through ownership to the borrower. 42 C.F.R. §405.419.[2] Thus, the Department erred by including the $35,484.00 as an allowable ''other interest'' cost on Chateau's cost report.

---

[2] The intent of this provision is to assure that the interest rate is reasonable. The presence of indebtedness established with a related organization could ''be suggestive of an agreement on higher rates of interest or of unnecessary loans.'' 42 C.F.R. §405.419(b)(3)(c).

The next question is whether DPW properly offset the $35,484.00 in interest against Chateau's "interest on capital indebtedness." DPW based this adjustment on its treatment of the interest paid by Chateau to Joint Venture, a related party, as actual investment income to Chateau which, according to the Manual, is to be offset against allowable "interest on capital indebtedness." Chateau argues that the interest it paid to Joint Venture is not investment income to itself, but rather is an expense.

Section 273(a) of the Manual, 55 Pa. Code §1181.273(a), provides in pertinent part that: "Any form of investment income from the use of unrestricted funds will be used to reduce the allowable interest on capital indebtedness first, then other interest." "Investment income" is defined as "Actual income available to or accrued by *a facility*[3] from funds which *the facility* invests or lends or which are held by others for the benefit of *the facility*." 55 Pa. Code §1181.202 (emphasis added). Thus, according to these provisions, the amount of interest expense to be reimbursed is to be reduced by the amount of investment income earned by the facility, in this case Chateau. *See Odd Fellows Home of Pennsylvania v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 115, 424 A.2d 961 (1981). Nowhere in the Manual is it stated that investment income to a party related to a care provider under the Program is to be deemed income to the provider. Moreover, as held previously, Chateau is prohibited from including the interest it paid to Joint Venture as an allowable cost under the Program. To require that Chateau also reduce its reimbursable "interest on capital indebtedness" expense by this same amount would not only constitute

---

[3] "Facility" is defined as "a county or general nursing facility that is enrolled in the Medical Assistance Program." 55 Pa. Code §1181.202.

a double penalty but, more importantly, is not required under the Manual.

Accordingly, for the reasons set forth, we reverse DPW's adjudication and order and remand with directions to reinstate Chateau's cost report for the fiscal year ending March 31, 1980 so as to: (1) reduce the allowable "other interest" expense by $35,484.00; and (2) increase the allowable "interest on capital indebtedness" expense by $35,484.00.

## ORDER

AND Now, July 16, 1985, the adjudication and order of the Department of Public Welfare in the above matter dated August 17, 1983, is reversed and remanded with directions to reinstate Chateau's cost report consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.